ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (2025-59)

| | | |
|---|---|---|
| ISLA VERDE HOLDINGS, LLC,<br><br>Demandante,<br><br>v.<br><br>GOLDEN DEBT, LLC; GOLDEN RE, LLC; DAVID EFRÓN; EFRÓN DORADO S.E.; GREENE FAMILY BRIDGEHAMPTON LLC; PDP HOLDINGS, LLC,<br><br>Recurrida,<br><br>RAMÓN CALDERÓN, HOLSUM OF PUERTO RICO, INC.; PUEBLO, INC.,<br><br>Peticionaria. | TA2025CE00395 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón.<br><br>Caso núm.: DO2018CV00096.<br><br>Sobre: incumplimiento de contrato; solicitud de cumplimiento específico; dolo contractual; daños y perjuicios; en la alternativa, *culpa in contrahendo*; daños y perjuicios *ex contractu.* |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Díaz Rivera.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 23 de septiembre de 2025.

La parte peticionaria, compuesta por el señor Ramón Calderón (señor Calderón), Holsum of Puerto Rico, Inc. (Holsum), y Pueblo, Inc. (Pueblo), nos solicita que revisemos y revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 1 de agosto de 2025. Mediante el referido dictamen, el foro *a quo* declaró sin lugar la solicitud de sentencia sumaria parcial presentada por la parte peticionaria el 26 de agosto de 2024, y reiterada mediante moción el 13 de febrero de 2025[1].

En síntesis, la parte peticionaria planteó que el Tribunal de Primera Instancia no ostentaba jurisdicción sobre la materia para atender la reconvención instada el 9 de octubre de 2018, por la parte recurrida compuesta por: Golden Debt, LLC; Golden Re, LLC; David Efrón; Efrón Dorado, S.E.; Greene Family Bridgehampton, LLC; y, PDP Holdings, LLC

---

[1] *Véase*, apéndice del recurso, entradas núm. 729 y 796, SUMAC TA.

(en adelante y conjuntamente, Golden)[2]. En particular, sostuvo que la controversia planteada por Golden no era justiciable por carecer de madurez, y por virtud de la ley del caso que presuntamente emana de la *Sentencia* emitida por este Tribunal de Apelaciones en el recurso KLCE201801287.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos la resolución recurrida.

I

La controversia planteada por el señor **Calderón, Holsum** y **Pueblo** surge luego de que, allá para el 27 de julio de 2018, Isla Verde Holdings, LLC (Isla Verde), instara una acción contra Golden y reclamara el cumplimiento específico de la obligación contractual asumida entre las partes del título de presuntamente segregar, vender y trasladar a su favor una parcela de 7.5501 cuerdas[3]. La referida parcela estaba enclavada en una finca de 25.1625 cuerdas, donde ubica un centro comercial que, en aquel momento, pertenecía a Golden Re, LLC, y estaba localizado en el Municipio de Dorado, Puerto Rico.

En lo pertinente a la controversia de autos, en esa misma fecha, Isla Verde presentó una solicitud de remedio provisional. En particular, solicitó una prohibición de enajenar al amparo de la Regla 56.4 de Procedimiento Civil, 32 LPRA Ap. V, sobre la siguiente propiedad:

> **RÚSTICA:** Parcela de terreno situada en el Barrio Pueblo de Dorado, Puerto Rico, con un área superficial de 98,898.9703 metros cuadrados, equivalentes a 25.162588 cuerdas. En lindes por el NORTE, en dos distancias que suman 219.7466 metros, con la Urbanización Paseo Real; por el SUR, en tres distancias que suman 142.7678 metros, con la Avenida José Efrón y en cuatro distancias que suman 161.2502 metros, con la Carretera Estatal 696; por el ESTE, en 3 metros, con la Carretera Estatal 696 y en cuatro distancias que suman a 330.2348 metros, con la Avenida José Efrón; y por el OESTE, en siete distancias que suman de 425.7465 metros, con la Parcela 19-A. Número 13,047, inscrita al folio 225 del tomo 255 de Dorado, Registro de la Propiedad de Puerto Rico, Sección IV de Bayamón.

---

[2] *Véase,* apéndice del recurso, entrada núm. 47, SUMAC TA.

[3] *Íd.*, entrada núm. 3.

Sometido el asunto, el 13 de agosto de 2018, el Tribunal de Primera Instancia notificó a las partes litigantes su determinación y ordenó al Registrador de la Propiedad Inmueble que inscribiera y anotara la prohibición de enajenar sobre la propiedad antes descrita. En esta ocasión, **el foro *a quo* prescindió de la celebración de una vista por considerar que se había presentado prueba suficiente para conceder el remedio provisional solicitado. No obstante, dispuso que la orden se emitía sin perjuicio de que Golden, una vez fuera emplazada, solicitara la celebración de una vista**.

De manera compatible con la referida determinación, el 24 de agosto de 2018, Golden compareció y solicitó que se dejara sin efecto la anotación objeto de controversia[4]. En síntesis, adujo que Isla Verde no había establecido las circunstancias excepcionales requeridas para que el Tribunal de Primera Instancia pudiera prescindir de la celebración de una vista.

No obstante, el 28 de agosto de 2018, el Tribunal de Primera Instancia emitió una orden mediante la cual determinó que mantendría la anotación de manera provisional y, a su vez, pautó una vista evidenciaria con el fin de dilucidar la permanencia o no del remedio provisional[5].

El 7 de septiembre de 2018, Golden presentó una solicitud de reconsideración[6]. En ella, reiteró su solicitud para que se dejara sin efecto la totalidad de la orden de prohibición de enajenar. No obstante, esta fue denegada mediante *Resolución* notificada el 10 de septiembre de 2018.

Inconforme con la determinación del Tribunal de Primera Instancia, Golden acudió ante este Tribunal de Apelaciones mediante un recurso de *certiorari* presentado el 14 de septiembre de 2018[7].

---

[4] *Véase*, apéndice del recurso, entrada núm. 19, SUMAC TA.

[5] Fue en esta fecha que se expidieron los mandamientos dirigidos al Registro de la Propiedad Inmueble para que anotara la prohibición de enajenar. *Íd.*, entradas núm. 26 y 37.

[6] *Íd.*, entrada núm. 3.

[7] A este recurso se le asignó el alfanumérico KLCE201801287.

El 18 de septiembre de 2018, expedimos el auto de *certiorari* y emitimos una sentencia[8]. En esta ocasión, determinamos que la concesión del remedio provisional se hizo conforme a la excepción recogida en las disposiciones estatutarias provistas en la Regla 56 de Procedimiento Civil, 32 LPRA Ap. V[9].

Entre tanto, la vista evidenciaria para dilucidar la permanencia del remedio provisional en cuestión comenzó el 20 de septiembre de 2018.

El 9 de octubre de 2018, Golden presentó su contestación a la demanda y, en lo incumbente, su **reconvención**[10]. En esta última, adujo que, al momento de presentar la solicitud de remedio provisional, Isla Verde no tenía un derecho propietario sobre el local comercial donde ubicaba el supermercado *Amigo* del centro comercial *Paseo del Plata* de Dorado, y reiteró que Isla Verde no había demostrado la existencia de las circunstancias extraordinarias que ameritaran el remedio excepcional de la orden de prohibición de enajenar.

Finalmente, Golden alegó que la fianza presentada por Isla Verde resultaba insuficiente y había sido presentada de manera tardía. Señaló que, como consecuencia de las acciones y omisiones de Golden, había sufrido daños ascendentes a $15,610,000.00, equivalentes al valor de la propiedad gravada por la orden de enajenar, la cual, aseveró, se extendió indebidamente al centro comercial en su totalidad.

Tras múltiples incidencias procesales, el 7 de diciembre de 2018, Isla Verde y el señor Calderón presentaron una solicitud de desestimación de la reconvención que Golden instara en su contra[11]. Sostuvieron que la reconvención dejaba de exponer una reclamación que justificara la concesión de un remedio. Arguyeron, además, que la determinación del

---

[8] *Véase*, apéndice del recurso, entrada núm. 40, SUMAC TA.

[9] Según surge del referido dictamen, este foro ordenó al Tribunal de Primera Instancia a dilucidar el monto de la fianza en la vista evidenciaria pautada para el 20 de septiembre de 2018. Inconforme, Golden presentó una solicitud de reconsideración el 3 de octubre de 2018. No obstante, esta fue denegada mediante *Resolución* emitida el 12 de octubre de 2018.

[10] *Véase*, apéndice del recurso, entrada núm. 47, SUMAC TA.

[11] *Íd.*, entrada núm. 100.

foro primario había sido dictada conforme a derecho y que Isla Verde no podía ser responsabilizado por supuestos daños originados en una orden cuya validez fue revisada y confirmada mediante la sentencia de este tribunal apelativo. Añadió que la sentencia dictada por este foro constituía la ley del caso conforme a *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12-13 (2016).

El 8 de enero de 2019, el Tribunal de Primera Instancia notificó una *Resolución* en la que denegó la solicitud de desestimación de Isla Verde, y concluyó que la orden de prohibición de enajenar aún no había advenido final, debido a que todavía no se había celebrado la correspondiente vista evidenciaria. En esta ocasión, el Tribunal de Primera Instancia determinó que Isla Verde podría solicitar el resarcimiento de los presuntos daños sufridos más adelante[12].

Inconformes con la referida determinación, el 10 de enero de 2019, Isla Verde y el señor Calderón presentaron una moción de reconsideración[13]. En su escrito, señalaron que la causa de acción de la reconvención instada por Golden se amparaba en la supuesta ilegalidad de la orden *ex parte*. En atención a ello, insistieron en que la determinación judicial de que la orden *ex parte* había sido legal y razonable era final e inapelable. Lo anterior, en virtud de que este Tribunal de Apelaciones había expedido el auto de *certiorari*, había adquirido jurisdicción y había emitido una sentencia a esos efectos, la cual no había sido impugnada ante el Tribunal Supremo de Puerto Rico, por lo que había advenido final y firme. Por tanto, concluyeron que no procedía una acción de responsabilidad extracontractual por motivo de una orden de prohibición de enajenar inválida o por un embargo ilegal.

El 18 de febrero de 2020, el Tribunal de Primera Instancia declaró sin lugar la solicitud de reconsideración[14].

---

[12] *Véase*, apéndice del recurso, entrada núm. 115, SUMAC TA.

[13] *Íd.*, entrada núm. 117.

[14] *Íd.*, entrada núm. 255.

En el ínterin, el 23 de septiembre de 2019, Golden presentó su demanda contra los terceros demandados del título[15]. Entre otros asuntos, solicitó al Tribunal de Primera Instancia que descorriera el velo corporativo y adjudicara responsabilidad solidaria a Pueblo, Holsum y al señor Calderón por los daños ocasionados a raíz de la orden *ex parte*

Tras otras incidencias procesales, la continuación y finalización de las vistas evidenciarias para dilucidar la procedencia y permanencia del remedio en aseguramiento de sentencia fueron celebradas el 6, 18 y 19 de febrero de 2020. Sometido el asunto, el **24 de febrero de 2020, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual dejó sin efecto la orden de prohibición de enajenar**[16].

Tiempo después, el 26 de agosto de 2024, Holsum, Pueblo y el señor Calderón presentaron una solicitud para que se dictara sentencia sumaria parcial a su favor[17]. En síntesis, arguyeron que la reconvención instada por Golden en su contra carecía de base jurisdiccional y no era justiciable, pues estaba basada exclusivamente en la supuesta ilegalidad de la orden *ex parte* de prohibición de enajenar promovida por Isla Verde.

El 27 de septiembre de 2024, Golden presentó su oposición a la moción de sentencia sumaria parcial presentada[18]. En respuesta a los argumentos de Holsum, Pueblo y el señor Calderón, arguyó que los terceros demandados carecían de legitimación para impugnar la reconvención y que sus planteamientos contravenían la ley del caso. Añadió que la reconvención debía ser dilucidada en un juicio plenario.

El 1 de agosto de 2025, el Tribunal de Primera Instancia notificó su *Resolución* en la que declaró sin lugar la moción de sentencia sumaria parcial presentada por Holsum, Pueblo y el señor Calderón. En su

---

[15] *Véase*, apéndice del recurso, entrada núm. 163, SUMAC TA.

[16] *Íd.*, entrada núm. 256. Resaltamos que, inconforme con esta determinación, Isla Verde acudió a este foro apelativo mediante un recurso de *certiorari*. En esta ocasión, denegamos la expedición del auto, por lo que se mantuvo en vigor la determinación del Tribunal de Primera Instancia. *Véase*, el recurso KLCE2020000415.

[17] *Íd.*, entrada núm. 729.

[18] *Íd.*, entrada núm. 736.

dictamen, entre otras cosas, el foro primario determinó que persistían hechos controvertidos en torno a la intención y posible negligencia en la tramitación de la orden de prohibición de enajenar, lo cual exigía la celebración de un juicio en su fondo. El tribunal también concluyó que la validez de la orden de prohibición de enajenar no impedía que Golden planteara una reclamación por los daños presuntamente sufridos durante la vigencia de la orden *ex parte*.

Inconforme con la referida determinación, el 2 de septiembre de 2025, la parte peticionaria compareció y formuló los siguientes señalamientos de error:

> El TPI erró al negarse a desestimar mediante sentencia sumaria la reconvención, ya que carece de jurisdicción para entretener [*sic*] la misma por el mandato de la sentencia de 18 septiembre de 2018.
>
> Los terceros demandados poseen legitimación activa para solicitar la desestimación de la reconvención.
>
> El TPI erró al no reconocer que la sentencia del TA de 18 septiembre de 2018 constituye ley del caso y al negarse a dictar sentencia sumaria bajo ese fundamento.
>
> El TPI erró al denegar la moción de sentencia sumaria pese a la ausencia de controversia real de hechos materiales.
>
> El TPI erró al no desestimar sumariamente la reconvención en tanto y en cuanto no expone reclamación que justifique la concesión de un remedio.
>
> El TPI erró al declarar que la reconvención no era prematura pese a la ausencia de un dictamen declarando no ha lugar la demanda enmendada.

(Énfasis omitido).

El 12 de septiembre de 2025, Golden compareció y presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes, resolvemos.

## II

En nuestro ordenamiento, la "doctrina de la ley del caso" tiene como propósito que los tribunales nos resistamos a reexaminar asuntos ya considerados dentro de un mismo caso, con el fin de velar por el trámite ordenado y expedito de los litigios, así como para promover la estabilidad

y certeza del derecho. *Berkan et al. v. Mead Johnson Nutrition,* 204 DPR 183, 200-201 (2020).

El Tribunal Supremo de Puerto Rico ha reiterado que la doctrina de la ley del caso es aplicable a las controversias adjudicadas, ya sea por tribunales de primera instancia como por tribunales apelativos. *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 9 (2016). Ahora bien, un dictamen judicial adquiere el carácter de ley del caso al constituir una decisión final en los méritos de la cuestión considerada y decidida. *Íd.,* a las págs. 12-13.

Por tanto, las determinaciones de un tribunal apelativo constituyen la ley del caso en todas aquellas cuestiones consideradas y decididas, por lo que generalmente dichas determinaciones obligan, tanto al tribunal de primera instancia como al foro que las dictó, si el caso volviese a su consideración. *Berkan et al. v. Mead Johnson Nutrition.*, 204 DPR a la pág. 201.

Sin embargo, esta regla no es absoluta. El Tribunal Supremo de Puerto Rico ha dispuesto que, en situaciones excepcionales, si el caso regresara para la evaluación y consideración del tribunal mediante los mecanismos apropiados, y este entiende que sus determinaciones previas son erróneas y que podrían causar una grave injusticia, puede aplicar una norma de derecho distinta y así resolver de forma justa. *Cacho Pérez v. Hatton Gotay*, 195 DPR, a la pág. 9. Véase, además: *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018).

De conformidad con lo antes expuesto, los tribunales podremos descartar la aplicación de la doctrina de la ley del caso solo cuando se presente un atentado contra los principios básicos de la justicia. *Cacho Pérez v. Hatton Gotay,* 195 DPR, a la pág. 10

En lo pertinente a la controversia ante nuestra consideración, y en el contexto de la adjudicación de peticiones de *certiorari* sobre asuntos interlocutorios, el Tribunal Supremo ha resuelto que la **denegatoria** de un tribunal apelativo a expedir el auto no implica la ausencia de error en el dictamen cuya revisión se solicita, ni constituye una adjudicación en los

méritos. *Cacho Pérez v. Hatton Gotay,* 195 DPR a la pág. 11. Por ende, distinto al recurso que hoy nos ocupa, en los casos en que se deniegue la expedición del auto discrecional de *certiorari*, la doctrina de la ley del caso no aplicaría.

III

Como reseñamos, mediante sus señalamientos de error, la parte peticionaria impugna la resolución mediante la cual el foro primario declaró sin lugar su solicitud de sentencia sumaria parcial. En particular, aduce que el foro *a quo* incidió al no desestimar la reconvención instada en su contra por la parte recurrida, Golden, allá para el 9 de octubre de 2018.

Examinados los errores señalados, concluimos que la parte peticionaria expone dos planteamientos medulares que debemos atender. Como cuestión de umbral, la presunta falta de jurisdicción del Tribunal de Primera Instancia para atender la reconvención objeto de controversia. En segundo lugar, si las alegaciones de la aludida reconvención justificaban la concesión de remedio alguno, o si por el contrario esta debió haber sido desestimada.

Evaluado el dictamen recurrido, el extenso tracto procesal del caso y las sendas posturas de las partes litigantes, a la luz del derecho aplicable, concluimos que le asiste la razón a la parte peticionaria. Veamos.

El Tribunal de Primera Instancia determinó que los promoventes de la moción de sentencia sumaria parcial fueron los terceros demandados, es decir: el señor Calderón, Holsum y Pueblo, y no los reconvenidos. Sostuvo que, por ello, estos carecían de legitimación activa para solicitar que se desestimara la reconvención.

La parte peticionaria arguye que, si bien la reconvención presentada por Golden originalmente se dirigió en contra de Isla Verde y el señor Calderón en su carácter personal, el pleito fue modificado mediante la demanda contra terceros, en la que Golden imputó responsabilidad a Pueblo, Holsum y al señor Calderón por los mismos daños que alega haber sufrido como consecuencia de la orden *ex parte* de prohibición de enajenar.

Por su parte, la recurrida sostiene, de modo escueto, que el planteamiento sobre la desestimación ya había sido atendido. No obstante, solo hizo alusión a la determinación del Tribunal de Primera Instancia mediante la cual este apercibió a las partes litigantes de que la desestimación de la reconvención no procedía, en ese momento, por aún no haberse celebrado la vista evidenciaria dirigida a dilucidar la procedencia de la extensión del remedio provisional en aseguramiento de sentencia; remedio que finalmente el tribunal optó por no extender, por lo que la orden fue dejada sin efecto.

Revisado este asunto, concluimos que determinar que la parte peticionaria carece de legitimación equivaldría a imponerle una carga desproporcionada. A saber, obligarle a litigar un reclamo de daños que no le fue planteado en la reconvención, pero que, por vía de la demanda contra terceros, afecta de forma inmediata y sustancial su posición en el litigio. Lo anterior, ya que se le pretende cobrar por la sentencia que pudiera dictarse en cuanto a la reconvención.

En cuanto a si el foro primario debió desestimar la reconvención, la parte peticionaria arguye que el Tribunal de Primera Instancia carece de jurisdicción para conceder los daños solicitados en la reconvención, presuntamente generados a raíz de la obtención de la orden *ex parte*. Sostiene que el foro *a quo* recobró su jurisdicción sobre el caso a los únicos fines de ejecutar la sentencia dictada por este Tribunal de Apelaciones y celebrar la vista evidenciaria ordenada. Es decir, este foro intermedio concluyó que la orden *ex parte* era válida y razonable, y ordenó la celebración de la vista evidenciaria para determinar si la fianza había sido razonable y si procedía extender o no la orden sobre prohibición de enajenar. Así pues, advenida final y firme, nuestra sentencia dispuso del asunto, por lo que el Tribunal de Primera Instancia carece de jurisdicción para adjudicar si la orden *ex parte* fue ilegal o incorrecta en derecho. Aún más, la peticionaria aduce que ello sería equivalente a violar el mandato de

este foro apelativo y revocar una determinación del tribunal de superior jerarquía.

Por su parte, Golden sostuvo que a la determinación de este foro en el recurso KLCE201801287 no le aplicaba lo resuelto en *Cacho Pérez v. Hatton Gotay*, 195 DPR 1 (2016). Añade que se trató de una determinación que no revisó en los méritos la controversia en cuanto a la validez de la orden *ex parte* de no enajenar.

Como reseñamos, en este caso no solo se expidió una orden de remedio provisional *ex parte* el 13 de agosto de 2018, sino que, posteriormente, tras el debido emplazamiento de Golden, se ventiló la solicitud para que la orden se mantuviera en vigor como remedio provisional en aseguramiento de sentencia, mientras se atendía el caso en sus méritos. Esa fue la controversia que se planteó ante este foro allá para el 2018, cuando resolvimos que la orden dictada cumplía con los requisitos para el otorgamiento de un remedio provisional *ex parte*, conforme a la Regla 56.4 de Procedimiento Civil, 32 LPRA Ap. V. Nuestra sentencia advino final y firme.

Posteriormente, y luego de celebradas las vistas evidenciarias correspondientes, el foro primario determinó no extender la orden de prohibición de enajenar. Ello no fue revocado por este foro intermedio.

Reiteramos que la controversia en cuanto a la supuesta ilegalidad de la orden *ex parte* – fundamento en que descansa Golden en su reconvención – ya fue atendida en sus méritos, y su validez declarada mediante nuestra sentencia final y firma.

Los daños que reclama Golden en su reconvención son aquellos presuntamente sufridos por causa de la expedición, y durante la vigencia, de la orden *ex parte*. Al momento de la presentación de su reconvención el 9 de agosto de 2018, la única orden de prohibición de enajenar vigente era la expedida *ex parte* a instancias de Isla Verde, según esta lo solicitara allá para el 27 de julio de 2018.

Luego de presentada la reconvención, este Tribunal de Apelaciones emitió su sentencia el 18 de septiembre de 2018, y validó la orden *ex parte*. Por tanto, tenemos que concluir que no existe el elemento principal de la causa de acción esgrimida por Golden en su reconvención, por lo que el Tribunal de Primera Instancia incidió al determinar lo contrario.

IV

Por los fundamentos expuestos, expedimos el auto de *certiorari* y revocamos la resolución recurrida. Cónsono con ello, desestimamos con perjuicio la reconvención instada por la parte recurrida el 9 de octubre de 2018.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones